IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

      vs.                       *   CRIMINAL NO. MJG-17-0652

KAMAL DORCHY                    *

\*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss Indictment for The Government's Failure to Comply with the Requirements of The Speedy Trial Act [ECF No. 15], the Government's Nunc Pro Tunc Motion to Exclude Time Pursuant to The Speedy Trial Act [ECF No. 14], and the materials submitted relating thereto. The Court has conferred with counsel and finds that a hearing is unnecessary.

The Indictment, filed December 13, 2017, charges Defendant Kamal Dorchy with aiding and abetting sex trafficking and the sex trafficking of a minor in violation of 18 U.S.C. § 1591(a) (occurring between September 2016 and July 2017), and multiple counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (occurring July 2017). He made his initial appearance on December 22, 2017 and was arraigned on January 19, 2018, pleading not guilty.

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court

>    in which such charge is pending, whichever date
>    last occurs.

18 U.S.C. § 3161(c)(1).  Thus, under the Speedy Trial Act, Defendant Dorchy's trial was required to be commenced by March 5, 2018.

On March 20, 2018, defense counsel called the prosecutor and stated that the Speedy Trial clock had expired.  The next day, Government counsel filed the instant motion seeking to cure the timing with a nunc pro tunc motion to exclude time.  Defendant Dorchy filed the instant motion to seek dismissal of the Indictment due to a violation of the Speedy Trial Act.

Unless the Government's nunc pro tunc motion is granted, the Court must grant the Defendant's motion.  There was no excludable period between the December 22, 2017 initial appearance and the March 5, 2018 deadline for trial commencement.  Moreover, the Government had made no motion to exclude time prior to the running of the 70 day period prescribed by the Speedy Trial Act.

It is settled that, under the Speedy Trial Act, nunc pro tunc continuances after expiration of the time prescribed by the Act for the commencement of the trial are invalid.  United States v. Carey, 746 F. 2d 228, 230 (4th Cir. 1984).  Accordingly, the Court finds that it must grant Defendant's motion and dismiss the charges.

The Court must next decide whether to dismiss the charges with prejudice or without prejudice so as to provide the Government with

the opportunity to seek a new indictment. As stated by the Supreme Court in United States v. Taylor, 487 U.S. 326, 333 (1988), for a Speedy Trial Act violation, "the decision to dismiss with or without prejudice was left to the guided discretion of the district court, and that neither remedy was given priority." In the Speedy Trial Act, "Congress specifically and clearly instructed that courts 'shall consider, among others, each of [the specified] factors,' § 3162(a)(2) (emphasis added), and thereby put in place meaningful standards to guide appellate review." Id. at 334. The Act states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). The Supreme Court has added to these three factors an additional relevant factor: whether the Defendant would face prejudice. Taylor, 487 U.S. at 334 (1988) ("Although the discussion in the House is inconclusive as to the weight to be given to the presence or absence of prejudice to the defendant, there is little doubt that Congress intended this factor to be relevant for a district court's consideration.").

In the instant case, the charged offenses are quite serious, based upon the Defendant allegedly engaging in sex trafficking of

3

a minor and using a minor in the production of child pornography. The Indictment was filed on December 3, 2017, based upon Defendant's alleged commission of the charged offenses in the period of September 2016 to July 2017, years prior to any statute of limitations concerns. While it is true that the prosecutor did not carefully monitor the case to avoid Speedy Trial Act issues, she functioned with reasonable diligence and by no means took actions to delay the progress of the case towards trial. The late-filed Nunc Pro Tunc Motion to Exclude Time Pursuant to The Speedy Trial Act presented grounds that, had they been presented prior to the expiration of the 70 days, would have resulted in the motion being granted and the elimination of the Speedy Trial Act issue. Moreover, the Defendant has not suffered ascertainable prejudice warranting the Court's dismissal with prejudice of the serious charges he faces.

The Court finds that a dismissal without prejudice and permitting the Government to prosecute the Defendant again will not adversely affect the administration of the Speedy Trial Act or the administration of criminal justice in the District. On the other hand, dismissal with prejudice and granting the Defendant immunity from prosecution of serious charges in return for a relatively minor delay in trial scheduling would not serve the public. The absence of any indication of Governmental intent to delay the case or a

prosecutor's effort to obtain any advantage from rescheduling are substantial factors favoring dismissal without prejudice.

The Court, considering the pertinent factors, exercises its discretion to dismiss the charges without prejudice to the ability of the Government to recharge the Defendant.

For the foregoing reasons:

1. Defendant's Motion to Dismiss Indictment for The Government's Failure to Comply With The Requirements of The Speedy Trial Act [ECF No. 15] is GRANTED.

2. All charges against Defendant Kamal Dorchy are DISMISSED WITHOUT PREJUDICE.

3. The Government's Nunc Pro Tunc Motion to Exclude Time Pursuant to The Speedy Trial Act [ECF No. 14] is DENIED.

SO ORDERED, this <u>Monday, March 26, 2018</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge